# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br>Andrew T. Holtz, Jr. and<br>Ramona B. Holtz,<br><br>*Debtors*. | Case No: 14-10786<br>Chapter: 13 |
| Andrew T. Holtz, Jr. and<br>Ramona B. Holtz,<br><br>*Plaintiffs*,<br><br>v.<br><br>Mediation Processing Services, LLC,<br><br>Defendant. | AP No. |

## COMPLAINT

**COME NOW** Plaintiffs, Andrew T. Holtz, Jr. and Ramona B. Holtz, by and through the undersigned counsel, and present this complaint for damages and injunctive relief against Defendant, Mediation Processing Services, LLC, and allege as follows:

### INTRODUCTION

1. This is a complaint for damages for Defendant's deliberate and continuing violations of the automatic stay afforded by 11 U.S.C. § 362(a), and additionally, for an injunction requiring that Defendant immediately refund to Plaintiffs any and all monies debited post-petition from Plaintiffs' bank account.

1

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), and the District Court's *Order of Reference* dated April 25, 1985, this Honorable Court has jurisdiction of the claims within this adversary proceeding. Furthermore, pursuant to 28 U.S.C. §§ 1391(b) and 1409, venue is proper before this Honorable Court.

3. This adversary proceeding addresses core claims pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 1409. To the extent this adversary proceeding addresses non-core claims, Plaintiff consents to the entry of final orders by this Honorable Court.

## PARTIES

4. Plaintiff, Andrew T. Holtz, Jr., is a natural person, resides within the geographical area encompassed by the jurisdiction of the United States Bankruptcy Court for the Middle District of Alabama, and is a debtor in the underlying bankruptcy case. Plaintiff is a "consumer" pursuant to the definition provided within 15 U.S.C. § 1692(a)(3).

5. Plaintiff, Ramona B. Holtz, is a natural person, resides within the geographical area encompassed by the jurisdiction of the United States Bankruptcy Court for the Middle District of Alabama, and is a debtor in the underlying bankruptcy case. Plaintiff is a "consumer" pursuant to the definition provided within 15 U.S.C. § 1692(a)(3).

6. Defendant, Mediation Processing Services, LLC, is an entity organized as a limited liability company within the State of Florida, has a principal place of business at 3491 Pall Mall Drive, Suite 106, Jacksonville, Florida 32257, and is a creditor and/or the agent of a creditor in the underlying bankruptcy case. Defendant is a "debt collector" pursuant to the definition provided within 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

7. On April 29, 2014, Plaintiffs filed a joint *Voluntary Petition* and accompanying schedules (collectively, "Petition") under Chapter 13, Title 11, of the United States Code, with the same being filed in the United States Bankruptcy Court for the Middle District of Alabama and bearing bankruptcy case number 14-10786 ("Bankruptcy Case").

8. At the time the Petition was filed, Plaintiffs were indebted to Sovereign Advance[1] as the result of an online unsecured loan; accordingly, within *Schedule F* of the Petition, Plaintiffs identified Sovereign Advance as a creditor holding a claim in the amount of $150.00.

9. The Bankruptcy Noticing Center's *Certificate of Notice* for the *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* reflects that such notice was provided to Sovereign Advance on May 2, 2014 by first class mail.

10. Despite said notice, Sovereign Advance assigned, consigned or otherwise transferred said indebtedness to various other entities including, but not limited to, Defendant.[2]

11. Defendant made or caused to be made multiple collection calls to Plaintiffs.

12. During one or more of said calls, Plaintiffs, or one or both of them, advised Defendant of the Bankruptcy Case and all information relevant thereto.

13. Despite such information, Defendant continued its collection calls and payment demands to Plaintiffs.

---

[1] From Sovereign Advance's website: SovereignAdvance.com is rebranding to Advance.Cash. Both SovereignAdvance.com and Advance.Cash are web properties of Makes Cents, Inc., a tribal lending entity, wholly-owned by the Mandan, Hidatsa and Arikara Nation – the Three Affiliated Tribes of the Fort Berthold Reservation, a sovereign nation located within the United States of America and operating within the Tribe's Reservation.

[2] Those other entities include, but are not limited to, National Arbitration Forum and Franklin Capital.

14. Due to Defendant's harassing and relentless collection efforts, Plaintiffs believed they had no choice but to remit payment to Defendant, and accordingly, provided their personal bank account number to Defendant.

15. Despite the aforesaid notices of the Bankruptcy Case, Defendant utilized the account information and electronically debited funds therefrom said account.

16. On January 3, 2018, Defendant electronically debited the sum of $100.00 from Plaintiffs' bank account in payment of the subject prepetition indebtedness.

17. Again, on February 2, 2018, Defendant electronically debited the sum of $100.00 from Plaintiffs' bank account in payment of the subject prepetition indebtedness.

18. Defendant has maintained control and possession of said funds and, as of this date, has failed and/or refused to return said funds to Plaintiffs.

19. Defendant's violations of the automatic stay are and were intentional and willful in that Defendant committed such acts after notice of the underlying bankruptcy case.

20. Defendant's violations of the Fair Debt Collection Practices Act are intentional and willful, and accordingly, Defendant cannot avail itself of the bona fide error defense.

21. Because of Defendant's intentional and willful violations of the automatic stay, Plaintiffs have been forced to retain counsel in this matter.

22. Defendant's conduct, in its entirety, rises to the level of willfulness and has interfered with the purposes of Plaintiff's rights.

23. As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged and injured in that they have suffered anger, anxiety, distress, frustration and loss of money, and have been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT I - WILLFUL VIOLATIONS OF 11 U.S.C. §§ 362(a)(3) and (6)

24. Plaintiffs incorporate herein by reference each of the foregoing paragraphs.

25. Defendant violated 11 U.S.C. §§ 362(a)(3) and (6) as more so identified herein above.

26. Defendant's acts or omissions to act, as described herein above, which Defendant undertook with knowledge of the Bankruptcy Case, constitute intentional and willful violations of the automatic stay.

27. As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged and injured in that they have suffered anger, anxiety, distress, frustration and loss of money, and have been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT TWO – VIOLATIONS OF 15 U.S.C. § 1692, *et seq.*

28. Plaintiffs incorporate herein by reference each of the foregoing paragraphs.

29. Defendant violated 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act, by, to-wit:

   a. attempting to collect a debt not legally owed and/or by using false and/or misleading representations, in violation of 15 U.S.C. §§ 1692e(2), e(5) and e(10);

   b. taking illegal actions against Plaintiffs in violation of 15 U.S.C. § 1692f(1);

   c. engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, such as demanding an amount due from Plaintiffs which is inaccurate, in violation of 15 U.S.C. §§ 1692d, 1692e(2), 1692f, 1692f(1), and 1692(6); and

   d. collecting and/or attempting to collect amounts not allowed and/or permitted by law, and by otherwise unfair and unconscionable methods, in violation of 15 U.S.C. § 1692f(1).

30. As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged and injured in that they have suffered anger, anxiety, distress, frustration and loss of money, and have been caused to employ the services of an attorney to assist with prosecuting this matter.

## PRAYER FOR RELIEF

**WHEREFORE, the premises considered**, Plaintiffs respectfully move this Honorable Court for an Order, *inter alia*:

   a. holding Defendant in contempt of this Honorable Court for violating the automatic stay of 11 U.S.C. § 362(a);

   b. awarding to Plaintiffs and against Defendant actual, compensatory and punitive damages, along with sanctions, for the unlawful conduct described within the above subsection, by virtue of 11 U.S.C. § 362(k);

   c. awarding to Plaintiffs and against Defendant actual, compensatory, statutory and punitive damages, as applicable and/or statutorily available, for Defendant's violations of 15 U.S.C. § 1692, *et seq.*, pursuant to 15 U.S.C. § 1692k;

   d. awarding to Plaintiffs and against Defendant the costs and expenses of this litigation; and

   e. awarding such other, further and equitable relief as this Honorable Court deems appropriate.

**RESPECTFULLY SUBMITTED** this the March 15, 2018.

        /s/ Anthony B. Bush
        Anthony B. Bush (ASB-7306-A54B)
        Attorney for Plaintiffs

**OF COUNSEL TO BROCK & STOUT, LLC:**
Anthony B. Bush, Esq.
The Bush Law Firm, LLC
Parliament Place Professional Center

3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone: (334) 263-7733
Facsimile: (334) 832-4390
E-mail: anthonybbush@yahoo.com
abush@bushlegalfirm.com


SERVICE ADDRESS:

Mediation Processing Services, LLC
c/o Jalpha Powell, Registered Agent
3491 PALL MALL DR, STE 106
JACKSONVILLE, FL 32257